IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **CARLOS CORTES AND HOPE CORTES,** | § § § § | |
| *Plaintiffs,* | § § | CIVIL ACTION NO. 5:19-cv-01352 |
| v. | § § | |
| **PNC BANK, NATIONAL ASSOCIATION,** | § § § | |
| *Defendant.* | § | |

## DEFENDANT'S NOTICE OF REMOVAL

Defendant PNC Bank, National Association ("PNC" or "Defendant"), pursuant to 28 U.S.C. §1332, removes the above-captioned civil action currently pending in the 408th Judicial District Court of Bexar County, Texas, Cause No. 2019CI22996 (the "State Court Action"), to the United States District Court for the Western District of Texas, San Antonio Division.

### I.   STATEMENT OF THE CASE

1. On November 4, 2019, Plaintiffs Carlos Cortes and Hope Cortes ("Plaintiffs") filed their *Original Petition and Application for Injunctive Relief, Including Temporary Restraining Order* (the "Complaint") in the State Court Action.[1]  In their Complaint, Plaintiffs assert claims for trespass to title and for violations of the Texas Deceptive Trade Practices Act and Texas Finance Code § 392.301(8), § 392.304(a)(8) and § 392.304(a)(19).[2]  Plaintiffs seek injunctive relief, attorneys' fees, and costs of suit incurred.[3]

---

[1] A copy of Plaintiffs' Complaint is attached as **Exhibit 1**.

[2] **Exhibit 1**, pp. 5-6, ¶¶ 23-25.

[3] *Id, see* pp. 6-7, ¶¶ 27-28, and Prayer.

## II.     TIMELINESS OF REMOVAL

2.     PNC was served with process of the Plaintiffs' Complaint on November 7, 2019,[4] and thirty (30) days have not expired since this service has occurred.  This was the first notice of this action served upon PNC.  Accordingly, this Notice of Removal is timely.[5]

## III.    VENUE

3.     Venue for this Notice of Removal is proper in the United States District Court for the Western District of Texas, San Antonio Division, because this district and division includes Bexar County, Texas – the location of the pending State Court Action.[6]

## IV.    BASIS FOR REMOVAL: DIVERSITY JURISDICTION

### A.  The Parties are Citizens of Different States.

4.     There is complete diversity of citizenship between Plaintiffs and PNC.[7]  Plaintiffs are citizens of Bexar County, Texas because they are domiciled there.[8]  The property subject to this lawsuit is also located in Bexar County, Texas, at 210 Wickes Street, San Antonio, Texas 78210 (the "Property").[9]

5.     PNC is a national banking association organized under the laws of the United States.  It is a citizen of Delaware because its articles of association establish that location as its

---

[4] *See* **Exhibit 5**.

[5] *See* 28 U.S.C. § 1446(b) ("The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.").

[6] *See* 28 U.S.C. § 1441(a); 28 U.S.C. § 124(d)(4).

[7] 28 U.S.C. § 1332(a); *Carden v. Arkoma Assocs.*, 494 U.S. 185, 187 (1990) (diversity jurisdiction requires that no plaintiff is from the same state as any defendant); *Strawbridge v. Curtiss*, 7 U.S. 267, 2 L. Ed. 435 (1806).

[8] **Exhibit 1**, ¶ 1; *Preston v. Tenet Healthsystem Mem'l Med. Ctr.*, 485 F.3d 793, 797-98 (5th Cir. 2007).

[9] *Id.* at ¶ 6.

main office.[10]  Thus, for the purposes of diversity jurisdiction, PNC is a citizen of the state of Delaware because PNC's main office is located in Delaware.  Thus, PNC is not a citizen of Texas for diversity purposes.

6. Because Plaintiffs are citizens of Texas and PNC is a citizen of Delaware, complete diversity of citizenship exists.

B. **The Amount in Controversy Exceeds $75,000.**

7. In order to establish diversity jurisdiction, the amount in controversy must exceed $75,000.[11]  Here, the face of Plaintiffs' Complaint shows the amount in controversy exceeds $75,000.[12]

8. In addition, the value of the Property demonstrates that the amount in controversy exceeds $75,000.  "In actions seeking declaratory or injunctive relief the amount in controversy is measured by the value of the object of the litigation."[13]  In other words, "[t]he amount in controversy, in an action for declaratory or injunctive relief, is the value of the right to be protected or the extent of the injury to be prevented."[14]  In this case, Plaintiffs request injunctive relief to protect their interest in the Property.[15]  Because they sue to protect title to real property, the Property's value controls the amount in controversy.[16]  According to the Bexar County Appraisal

---

[10] *See* 28 U.S.C. § 1348; *Wachovia Bank v. Schmidt*, 546 U.S. 303, 307, 126 S. Ct. 941, 945 (2006) ("[A] national bank, for § 1348 purposes, is a citizen of the State in which its main office, as set forth in its articles of association, is located.").

[11] 28 U.S.C. § 1332(a).

[12] *See* **Exhibit 1**, p. 6, ¶ 27 ("Plaintiffs state that they seek compensation for their damages in an amount of between $100,000 and $200,000 along with non-monetary relief.").

[13] *Leininger v. Leininger,* 705 F.2d 727, 729 (5th Cir. 1983).

[14] *St. Paul Reinsurance Co., Ltd. v. Greenberg,* 134 F.3d 1250, 1252-53 (5th Cir. 1998).

[15] *See* **Exhibit 1**, p. 5, ¶ 19 ("Plaintiffs request the court to restrain Defendant from proceeding to foreclose on the home….").

[16] *Id.  See also Govea v. JPMorgan Chase Bank, N.A.,* No. 10-cv-3482, 2010 WL 5140064 (S.D. Tex. Dec. 10, 2010); *Griffin v. HSBC Bank USA,* No. 10-cv-728-L, 2010 WL 4781297, *3 (N.D. Tex. Nov. 24, 2010); *Berry v. Chase Home*

District, the 2019 appraisal of the Property is $190,000.[17] Accordingly, the amount in controversy exceeds $75,000 because the value of the subject property exceeds $75,000.

9. Further, "'[w]hen ... a right to property is called into question in its entirety, the value of the property controls the amount in controversy.'"[18] In *Nationstar Mortgage LLC v. Knox*, the court rejected the plaintiffs' argument that the amount-in-controversy-requirement was not satisfied.[19] The plaintiffs had executed a note, secured by a deed of trust, for the purchase of their property.[20] After defaulting, Nationstar set the property for foreclosure sale.[21] The plaintiffs filed suit seeking "rescission of the mortgage and a permanent injunction to preclude Nationstar's foreclosing on their property."[22] The court held that the value of the property governed the amount in controversy due to plaintiffs' request for "cancellation and removal of clouds from title" as well as for "a preliminary and permanent injunction against Nationstar to prohibit it from proceeding with foreclosure."[23] In such cases, the court held, "the value of the property controls the amount in controversy."[24] Many other courts have reached the same conclusion: when a plaintiff files suit seeking to retain or reclaim an interest in real property, the mere value of the equity in the property is not at stake, but the very "right to occupy the home."[25]

---

*Fin., LLC,* 2009 WL 2868224, at *3 (S.D. Tex. Aug. 27, 2009); *Azzam v. Wells Fargo Bank, N.A.,* No. 10-cv-4616, 2011 WL 149350 (S.D. Tex. Jan. 18, 2011).

[17] *See* **Exhibit 9**.

[18] *Nationstar Mortgage LLC v. Knox,* No. 08-60887, 351 F. App. 844, 848 (5th Cir. Aug. 25, 2009) (quoting *Waller v. Prof. Ins. Corp.,* 296 F.2d 545, 547-48 (5th Cir. 1961)).

[19] *Id.* at 848.

[20] *Id.* at 846.

[21] *Id.*

[22] *Id.* at 847.

[23] *Id.* at 848.

[24] *Id.* at 848 (quoting *Waller v. Prof. Ins. Corp.,* 296 F.2d 545, 547-48 (5th Cir. 1961)).

[25] *Govea,* 2010 WL 5140064, at *4 n.24; *see also Azzam,* 2011 WL 149350, at *3 (holding the value of the litigation was not "only the equity he has in the house, [but] his actual loss [of the title, interest, and possession of the property");

10. Based upon Plaintiffs' request for injunctive relief, and their express request of relief of an amount between $100,000 and $200,000, the amount in controversy exceeds $75,000.

## V. PROCEDURAL REQUIREMENTS HAVE BEEN SATISFIED

11. Plaintiffs did not demand a jury trial in their Complaint.

12. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served in the State Court Action, are attached hereto as **Exhibit 1** through **Exhibit 9.**

13. Pursuant to 28 U.S.C. § 1446(d), promptly after filing this Notice of Removal, PNC is providing Plaintiffs, through counsel, with written notice of removal; and a copy of this Notice of Removal is being filed with the Clerk of the 408th Judicial District Court of Bexar County, Texas.

## VII. CONCLUSION

The Court may exercise original jurisdiction over this action because complete diversity exists between Plaintiffs and PNC and because the amount in controversy exceeds $75,000.

Dated: November 18, 2019

Respectfully submitted,

/s/ *Tatiana Alexander*
**TATIANA ALEXANDER,** SBN: 24055090
talexander@mcguirewoods.com
**MCGUIREWOODS LLP**
2000 McKinney Avenue, Suite 1400
Dallas, Texas 75201
Telephone: 214.932.6400
Facsimile: 214.932.6499

***ATTORNEY FOR DEFENDANT***
***PNC BANK, NATIONAL ASSOCIATION***

---

*Griffin,* 2010 WL 4781297, at *3 (holding that the "value of the Property is to be used in determining amount in controversy" where plaintiff sought rescission of a foreclosure sale).

**DEFENDANT'S NOTICE OF REMOVAL**     Page 5 of 6
Civil Action No. 5:19-cv-01352; *Carlos Cortes and Hope Cortes v. PNC Bank, National Association*

## CERTIFICATE OF SERVICE

I hereby certify that on November 18, 2019, a true and correct copy of the foregoing was served via the Court's ECF filing system and/or Certified Mail/RRR as follows:

**Certified Mail/RRR # 7018 3090 0002 2073 1090**
Charles Riley
info@rileylawfirm.com
**RILEY & RILEY**
320 Lexington Ave.
San Antonio, Texas 78215
Telephone: 210.225.7236
Facsimile:  210.227.7907

**ATTORNEY FOR PLAINTIFFS**

                                                            /s/ *Tatiana Alexander*
                                                            **TATIANA ALEXANDER**