IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| CARLOS CORTES AND<br>HOPE CORTES,<br><br>  *Plaintiffs,*<br><br>v.<br><br>PNC BANK, NATIONAL ASSOCIATION,<br><br>  *Defendant.* | § § § § § § § § § § § § § | CIVIL ACTION NO. 5:19-cv-01352 |

# DEFENDANT PNC BANK, N.A.'S
# ORIGINAL ANSWER TO PLAINTIFFS' COMPLAINT

Defendant PNC Bank, National Association ("PNC" or "Defendant") files this its *Original Answer* to Plaintiffs Carlos Cortes and Hope Cortes ("Plaintiffs")' *Original Petition and Application for Injunctive Relief, Including Temporary Restraining Order* (the "Complaint"),[1] and states as follows:

## I.   ADMISSIONS AND DENIALS

### PARTIES AND SERVICE

1. With respect to Paragraph 1 of the Complaint, PNC admits that, upon information and belief, Plaintiffs are individuals residing in Bexar County, Texas.

2. With respect to Paragraph 2 of the Complaint, PNC admits that (a) it is a foreign corporation doing business in Texas, (b) it has been served with process, and (c) it has appeared in this lawsuit.

---

[1] Plaintiffs originally filed their Complaint in the 480th Judicial District of Bexar County, Texas under Cause No. 2019-CI-22996 ("State Court Action"). Defendant removed the State Court Action to its current federal court action on November 4, 2019. Plaintiffs' Complaint is Document 1-2, Exhibit 1 to Defendant's Notice of Removal.

## JURISDICTION AND VENUE

3. PNC states that the allegations in paragraph 3 of the Complaint are legal and/or factual conclusions for which no response is required, except that PNC does not challenge the Court's jurisdiction over PNC in this matter. To the extent, if any, that a response is required, denied.

4. PNC states that the allegations in paragraph 4 of the Complaint are legal and/or factual conclusions for which no response is required, except that PNC does not challenge the Court's jurisdiction over PNC in this matter. To the extent, if any, that a response is required, denied.

5. PNC states that the allegations in paragraph 5 of the Complaint are legal and/or factual conclusions for which no response is required, except that PNC does not challenge venue in this matter. To the extent, if any, that a response is required, denied.

## FACTS

6. PNC admits that Plaintiffs are the record owners of the subject property and admits that PNC is the servicer of a mortgage lien encumbering the property, as set forth in Paragraph 6 of the Complaint.

7. After reasonable inquiry, PNC lacks sufficient information to admit or deny the allegations set forth in paragraph 7 of the Complaint; therefore, the allegations are denied.

8. After reasonable inquiry, PNC lacks sufficient information to admit or deny the allegations set forth in paragraph 8 of the Complaint; therefore, the allegations are denied.

9. After reasonable inquiry, PNC lacks sufficient information to admit or deny the allegations set forth in paragraph 9 of the Complaint; therefore, the allegations are denied.

10. PNC states that the allegations in paragraph 10 of the Complaint are legal and/or factual conclusions for which no response is required; except that PNC specifically denies that Plaintiffs took any action or failed to take any action based on any alleged representations by PNC.

11. PNC denies the allegations set forth in Paragraph 11 of the Complaint.

12. PNC denies the allegations set forth in Paragraph 12 of the Complaint.

13. PNC states that the allegations in paragraph 13 of the Complaint are legal and/or factual conclusions for which no response is required. To the extent, if any, that a response is required, denied.

## ELEMENTS FOR INJUNCTIVE RELIEF

14. PNC states that paragraph 14 of the Complaint does not contain an allegation for which Defendant is required to admit or deny. To the extent, if any, that a response is required, denied.

15. PNC denies the allegations set forth in Paragraph 15 of the Complaint.

16. With respect to Paragraph 16 of the Complaint, including subparagraphs A, B and C, PNC states that the allegations are legal and/or factual conclusions for which no response is required. To the extent, if any, that a response is required, denied.

## BOND

17. PNC states that paragraph 17 of the Complaint does not contain an allegation for which Defendant is required to admit or deny.

## REMEDY

18. PNC states that the allegations in paragraph 18 of the Complaint are legal and/or factual conclusions for which no response is required. To the extent, if any, that a response is required, denied.

19. PNC states that the allegations in paragraph 19 of the Complaint are legal and/or factual conclusions for which no response is required. To the extent, if any, that a response is required, denied.

20. PNC states that the allegations in paragraph 20 of the Complaint are legal and/or factual conclusions for which no response is required. To the extent, if any, that a response is required, denied.

21. PNC states that the allegations in paragraph 21 of the Complaint are legal and/or factual conclusions for which no response is required. To the extent, if any, that a response is required, denied.

22. PNC states that the allegations in paragraph 22 of the Complaint are legal and/or factual conclusions for which no response is required. To the extent, if any, that a response is required, denied.

## CAUSES OF ACTION

23. PNC states that the allegations in paragraph 23 of the Complaint are legal and/or factual conclusions for which no response is required. To the extent, if any, that a response is required, denied.

24. PNC denies the allegations set forth in Paragraph 24 of the Complaint.

25. PNC states that the allegations in paragraph 25 of the Complaint are legal and/or factual conclusions for which no response is required. To the extent, if any, that a response is required, denied.

26. PNC states that the allegations in paragraph 26 of the Complaint are legal and/or factual conclusions for which no response is required. To the extent, if any, that a response is required, denied.

## DAMAGES

27.     The allegations in paragraph 27 of the Complaint touch and concern Plaintiffs' alleged damages and assert legal and/or factual conclusions for which no response is required. To the extent, if any, a response is required, denied.

## ATTORNEY FEES

28.     The allegations in paragraph 28 of the Complaint touch and concern Plaintiffs' alleged damages and assert legal and/or factual conclusions for which no response is required. To the extent, if any, a response is required, denied.

## PRAYER

29.     The allegations in paragraphs A through G on pages 7 and 8 of the Complaint touch and concern Plaintiffs' alleged damages and assert conclusions and/or contentions of law to which no response is required. To the extent, if any, a response is required, denied.

## II.     AFFIRMATIVE DEFENSES

30.     Plaintiffs fail to state a claim upon which any relief can be granted.

31.     Plaintiffs' own acts and/or omissions caused or contributed to Plaintiffs' alleged injuries and/or damages, the existence of which Defendant specifically denies.

32.     The acts and/or omissions of other persons and/or entities, over whom Defendant had no control nor right to control, caused or contributed to Plaintiffs' alleged injuries and/or damages, the existence of which Defendant specifically denies.

33.     Plaintiffs' claims are barred, in whole or in part, by Plaintiffs' failure to mitigate their alleged damages.

34.     Plaintiffs' alleged damages, the existence of which Defendant specifically denies, were caused, in whole or in part, by pre-existing, subsequent and/or intervening events or

conditions to which Defendant did not cause or contribute.

35. Plaintiffs' claims are barred, in whole or in part, by the applicable statute of limitations.

36. Plaintiffs' claims are barred, in whole or in part, by the doctrines of justification and/or mistake.

37. Plaintiffs' claims are barred, in whole or in part, by the applicable equitable doctrines of waiver, estoppel, laches, set-off, *in pari delicto*, and/or unclean hands.

38. Defendant specifically denies that Plaintiffs are entitled to an award of attorney's fees or costs either contractually or by statute.

39. Defendant requests the trier of fact determine the proportionate responsibility of Plaintiffs, any named and/or settling defendant, and any responsible third-parties for the damages allegedly suffered by Plaintiffs and to award Plaintiffs judgment, if any, against Defendant for only those damages for which it is found to be proportionately responsible.

40. Defendant denies that it engaged in any acts and/or omissions that would warrant the award of exemplary damages.

41. Defendant specifically denies all conditions precedent for recovery have occurred or been met.

### III.   PRAYER

**WHEREFORE PREMISES CONSIDERED**, Defendant prays that Plaintiffs take nothing by their claims; Plaintiffs' claims be dismissed with prejudice; and Defendant be awarded its attorneys' fees, costs, and all further relief to which it may be justly entitled at law or in equity.

Dated: April 13, 2020							Respectfully submitted,

										*/s/ Tatiana Alexander*
										**TATIANA ALEXANDER,** SBN: 24055090
										talexander@mcguirewoods.com
										**MCGUIREWOODS LLP**
										2000 McKinney Avenue, Suite 1400
										Dallas, Texas 75201
										Telephone:  214.932.6408
										Facsimile:  214.273.7478

										***ATTORNEYS FOR DEFENDANT
										NATIONSTAR MORTGAGE LLC***

## CERTIFICATE OF SERVICE

I hereby certify that on April 13, 2020, a true and correct copy of the foregoing was served via the Court's ECF filing system on all counsel of record.

Charles Riley
**RILEY & RILEY**
320 Lexington Ave.
San Antonio, Texas 78215-1913
Tel. (210)225-7236
Fax. (210)227-7907

***ATTORNEY FOR PLAINTIFFS***

										*/s/ Tatiana Alexander*
										   **TATIANA ALEXANDER**